NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

July 14, 2020

Alsamad Hodges
Register No. 71431-050
Fort Dix Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08320
*Pro Se*

Elaine K. Lou, Esq.
Office of the United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
*Counsel for the United States of America*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

    Re:   *United States v. Hodges*
            **Criminal Action No. 18-669 (SDW)**

Counsel:

    Before this Court is Defendant Alsamad Hodges's ("Defendant") motion requesting that he be transferred to home confinement. (D.E. 27.) This Court having considered the parties' submissions, and for the reasons discussed below, denies Defendant's motion.

**DISCUSSION**

A.

    Although a district court generally has limited authority to modify a federally-imposed sentence once it commences, *see United States v. Epstein*, No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020); *Dillon v. United States*, 560 U.S. 817, 825 (2010), the recently-enacted First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exists "extraordinary and compelling reasons" to reduce a sentence. The statute provides, in relevant part, that:

    (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights* to

appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf *or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility*, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c) (emphasis added). As such, under the FSA, "a defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *Epstein*, 2020 WL 1808616, at *2.

B.

On November 6, 2018, Defendant pled guilty to a one-count information which charged him with conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(B). (D.E. 20; *see* D.E. 22 at 1.) On April 1, 2019, this Court sentenced Defendant to a term of imprisonment of 36 months. (D.E. 25.) Defendant is currently serving his sentence at Federal Correctional Institution Fort Dix ("FCI Fort Dix") in New Jersey. (*See* D.E 27 at 1; D.E. 28 at 1.) On June 9, 2020, Defendant filed the instant motion requesting that he be transferred to home confinement because of the "ongoing difficulties of the global coronavirus, and the conditions at FCI Fort Dix" as well as "commentary from various U.S. Officials on the need for non-violent, low-risk offenders . . . to serve their time at home where they can self-isolate." (D.E. 27 at 1–2.)[1] The Government opposed on June 25, 2020, (D.E. 28), and Defendant did not file a reply.

This Court does not have the authority to order such relief, but it does have the authority to issue a recommendation to the Federal Bureau of Prisons ("BOP"). *See* 18 U.S.C. § 3621(b)(4) (stating that the BOP may consider "any statement" by the sentencing court "recommending a type of penal or correctional facility"); *United States v. Ceballos*, 671 F.3d 852, 856 n.2 (9th Cir. 2011) (noting that "district courts [have] the authority to make (or not make) non-binding recommendations to the Bureau of Prisons at any time"). Nonetheless, this Court declines to issue a recommendation at this time. Defendant is 21 years old and articulates only a generalized fear of contracting COVID-19. (*See* D.E. 27 at 1, D.E. 28 at 4.) He does not allege that he has an underlying medical condition that places him at heightened risk should he contract COVID-19. Furthermore, if Defendant has any undisclosed health conditions, the BOP is better positioned to evaluate whether they justify placement in home confinement.

To the extent that Defendant's request can be interpreted as a motion for compassionate release under the FSA, the motion must be denied because it was not filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request

---

[1] Defendant states that he plans to file a separate "request under the recent CARES ACT through the Bureau of Prisons." (D.E. 27 at 2.) The Coronavirus Aid, Relief, and Economic Security ("CARES") Act, 18 U.S.C. § 3624(c)(2), grants the BOP authority to review all inmates for discretionary transfer to home confinement.

by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Raia*, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020), *as revised* (Apr. 8, 2020); *Epstein*, 2020 WL 1808616, at *2 (citing cases declining to grant defendant's motion where defendant failed to exhaust administrative remedies). Under § 3582(c)(1)(A), Defendant must first present his request to the BOP to allow it to evaluate his current circumstances in light of COVID-19 concerns. On the record before this Court, Defendant has not yet applied to the warden of FCI Fort Dix or the BOP for any administrative relief. (*See* D.E. 28 at 3.) This is a statutory requirement that this Court may not waive. *See, e.g.*, *Raia*, 2020 WL 1647922, at *2; *Massieu v. Reno*, 91 F.3d 416, 419 (3d Cir. 1996); *Ross v. Blake*, 136 S. Ct. 1850 (2016). Because Defendant has not exhausted his administrative remedies, this Court may not consider the merits of his motion at this time.

## **CONCLUSION**

For the foregoing reasons, Defendant's request for transfer to home confinement is **DENIED** and his motion for compassionate release is **DENIED** without prejudice. An appropriate order follows.

   /s/ Susan D. Wigenton   
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:     Parties